### WILL DITTO v. THE STATE.

### No. 4970.  Decided April 3, 1918.

**1.—Burglary—Insufficiency of the Evidence.**

Where, upon trial of burglary, the money found in possession of the defendant shortly after the burglary did not correspond with that taken from the house and the only other evidence which tended to connect the defendant with the transaction was the comparison of the shoe he was wearing at the time he was arrested with the tracks found near the window of the store which was burglarized, the evidence was not sufficient to sustain the conviction.

**2.—Same—Newly Discovered Evidence.**

Where the judgment is reversed and the cause remanded, the alleged newly discovered testimony can not be considered, although some of it seemed to have been brought within the rule.

**3.—Same—Suspended Sentence—Private Residence—Storehouse.**

Where the indictment charged the burglary of a storehouse, and not a private residence, the court should have submitted the plea for a suspended sentence.

**4.—Same—Argument of Counsel—Matters Not of Record.**

Where it was shown, upon an appeal from the conviction of burglary, that defendant had served as a train porter for fifteen years, it was reversible error to permit the State's counsel to state in his argument that another train porter was in the penitentiary for a similar violation of the law, there being no evidence in the record of this.

Appeal from the District Court of Reeves.  Tried below before the Hon. Chas. Gibbs.

Appeal from a conviction of burglary; penalty, two years imprisonment in the pententiary.

The opinion states the case.

*John B. Howard* and *Clay Cooke,* for appellant.—On question of suspended sentence: Onstott v. State, 75 Texas Crim. Rep., 72, 170 S. W. Rep., 301; Carter v. State, 73 Texas Crim. Rep., 334, 165 S. W. Rep., 200; Barnett v. State, 74 Texas Crim. Rep., 619, 170 S. W. Rep., 143; Medlock v. State, 79 Texas Crim. Rep., 322, 185 S. W. Rep., 566.

On question of insufficiency of the evidence: Willis v. State, 15 Texas Crim. App., 118; Voight v. State, 13 id., 21; Wyers v. State, 13 id., 57; Owens v. State, 35 Texas, 361; Turner v. State, 38 id., 167; Mullins v. State, 37 id., 337.

On question of argument of counsel: Ross v. State, 61 Texas Crim. Rep., 12, 133 S. W. Rep., 688; Crawford v. State, 15 Texas Crim. App., 501.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary and allotted two years in the penitentiary.

Dawson testified that his storehouse was burglarized at night, and about one dollar and a half in change taken from his money drawer.

The breaking and entry of the house we deem unnecessary to discuss. Appellant was arrested the next morning and placed in jail, indicted, tried and convicted. Among other things, it is contended the evidence is not sufficient to support the conviction. Appellant was not found in possession of the stolen money. The money he had in his possession did not correspond with that taken from the house. Appellant was working in a barber shop, and had been in Pecos City a few days when the burglary occurred. The only evidence which tends to connect the defendant with the transaction was the comparison of the shoe he was wearing at the time he was arrested with the track found near the window of the store which is said to have been broken. The sheriff and the city marshal testified that appellant's shoe corresponded with the track found at the place indicated. We are not satisfied to affirm this judgment with this as the only criminating fact. Tracks in connection with other evidence may have some cogency tending to illustrate the case, or connect an accused with a given offense, but at best it is unsatisfactory. This is practically the only evidence in the case. We are of opinion the conviction should not be sustained, especially in view of the fact that there are no other criminating circumstances.

There was a motion for new trial filed with attached affidavits setting up various matters of testimony which might be taken into consideration in reaching the conclusion that appellant should have another trial. Among other things is an affidavit of a witness to the effect that after the alleged burglary of Dawson's storehouse his house was burglarized and a track very similar to that found near the Dawson house was found at his house. This is brought within the rule of newly discovered evidence, and may be worth something upon another trial before a jury, because appellant at the time of the burglary of the second house was incarcerated in jail, and, therefore, could not have committed the other burglary.

Appellant filed a plea for suspended sentence. Evidence was introduced, but the court declined to submit the issue because the crime of burglary was not brought within the statute justifying or authorizing a suspension of the sentence. This was not burglary of a private residence but a storehouse. In his conclusion the trial judge was in error. Art. 965b, Vernon's Ann. C. C. P., recites that it is only the burglary of a private residence which prohibits the suspended sentence. This was an amended statute omitting burglary and confining the interdiction of a suspended sentence to burglary of a private residence. Appellant was entitled to the charge, and it should have been given. Upon another trial this matter should be presented to the jury.

The testimony alleged to be newly discovered will be produced upon another trial, and it is unnecessary to discuss it.

There was a bill of exceptions reserved to the statement of the prosecuting officer to the effect that a train porter known as "T. P." was in the penitentiary for violation of the law, and that he was the oldest train porter on the Texas & Pacific Railroad running from Fort Worth to El Paso, and had been such train porter for thirty-five years, and yet he had been sent to the penitentiary. The evidence shows that

appellant had served as a train porter for fifteen years. The argument of counsel seems to have been directed to the fact that, inasmuch as the other train porter was in the penitentiary, this should be used by the jury against defendant. There is no evidence in the record with reference to the other train porter being in the penitentiary. In fact, he seems not to have been known in the record at all except from the statement of the prosecuting counsel. Upon another trial these remarks will not be indulged. We are not willing, in the condition of this record, to sustain this conviction, and believe appellant should have another trial in order that his legal rights may be properly adjusted and passed upon. Nor are we satisfied, in view of this record, to sustain the judgment of the trial court because of the sufficiency of the testimony.

The judgment, therefore, will be reversed and the cause remanded.

*Reversed and remanded.*